

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00259-CR

Victor **CARRILLO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 63rd Judicial District Court, Val Verde County, Texas
Trial Court No. 2024-0209-CR
Honorable Roland Andrade, Judge Presiding

PER CURIAM

Sitting:      Adrian A. Spears II, Justice
              H. Todd McCray, Justice
              Velia J. Meza, Justice

Delivered and Filed: June 18, 2025

DISMISSED

Pursuant to a plea-bargain agreement, Victor Carrillo pled nolo contendere to the offense of improper relationship between educator and student and was sentenced to five years in prison in accordance with the terms of his plea-bargain agreement. On November 5, 2024, the trial court signed a certification of defendant's right to appeal stating that this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Carrillo filed a notice of appeal, the trial court clerk sent copies of the certification and notice of appeal to this court. *See*

*id.* 25.2(e). The clerk's record, which includes the trial court's certification, has been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal, or (C) where the specific appeal is expressly authorized by statute." *Id.* 25.2(a)(2). The clerk's record, which contains a written plea bargain, establishes the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by Carrillo. *See id.* The clerk's record does not include a written motion filed and ruled upon before trial; nor does it indicate that the trial court gave its permission to appeal. *See id.* Thus, the trial court's certification appears to accurately reflect that this is a plea-bargain case and that Carrillo does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We informed Carrillo that this appeal would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d) unless an amended trial court certification showing that he had the right to appeal was made part of the appellate record. *See id*. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No amended trial court certification has been filed. Therefore, this appeal is dismissed pursuant to Rule 25.2(d).[1]

PER CURIAM

DO NOT PUBLISH

---

[1]On June 2, 2025, Carrillo filed a request for an extension of time to file a motion to dismiss his appeal voluntarily pursuant to Rule 42.2(a). *See* TEX. R. APP. P. 42.2(a). Because we have disposed of his appeal under Rule 25.2(d), his extension request is denied as moot.